IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHERYL L. PERRY,

Plaintiff,

v. CIVIL ACTION NO. 2:23-cv-00705

WEST VIRGINIA CVS PHARMACY, LLC, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court are two motions by Plaintiff Cheryl L. Perry: a Motion for Leave to File Amended Complaint, [ECF No. 6], and a Motion to Remand the Case to the Circuit Court of Kanawha County, [ECF No. 8]. Defendant West Virginia CVS Pharmacy, LLC ("CVS"), filed its memoranda in opposition to both motions on December 14, 2023. [ECF Nos. 10, 11]. The matters are now ripe are review. For the foregoing reasons, Plaintiff's motions are **GRANTED**.

## I. Background

On September 20, 2023, Plaintiff instituted this action by filing her Complaint against Defendants CVS and John Doe, as manager, employee, and agent of CVS, in the Circuit Court of Kanawha County, West Virginia, claiming that she was injured at CVS location #4244 in Dunbar, West Virginia, which is owned and operated by

Defendant CVS. [ECF No. 1-1]. Defendant CVS filed its Notice of Removal to this court pursuant to 28 U.S.C. § 1441 on November 1, 2023. [ECF No. 1].

On November 27, 2023, Plaintiff filed a Motion for Leave to File Amended Complaint to substitute Nick Huff, a citizen of West Virginia, in the place of Defendant John Doe. [ECF No. 6, ¶¶ 6–8]. Contemporaneously, Plaintiff filed a Motion to Remand, arguing that if the court allows her to amend her Complaint and substitute Mr. Huff for Defendant John Doe, complete diversity will no longer exist among the parties and this court will no longer possess jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441. [ECF No. 9, at 7]. On December 14, 2023, Defendant CVS filed memoranda in opposition to Plaintiff's motions, arguing that Plaintiff should not be granted leave to file her amended complaint because she is unable to state a claim for relief against Nick Huff, *see* [ECF No. 10], and that the substitution of Nick Huff for Defendant John Doe does not destroy diversity, [ECF No. 11, at 7].

Specifically, Defendant CVS argues that Plaintiff should not be permitted to amend her Complaint because the proposed amendment would be futile. [ECF No. 10, at 4]. CVS asserts that, as store manager, Nick Huff cannot be sued because under West Virginia premises liability doctrine, "only a 'landowner' or 'possessor' owes an entrant a duty of reasonable care." *Id.* at 5. Therefore, CVS argues, Plaintiff is unable to state a claim against Nick Huff and, as such, "[her] cause of action against Nick Huff would be subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Id.* at 4.

CVS also contends that if Mr. Huff were substituted for Defendant John Doe, the substitution would not destroy diversity. [ECF No. 11, at 7]. In support of this, CVS offers that "diversity is determined at the time the action is filed, regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." *Id.* at 6. Thus, CVS argues, the court should only consider the citizenships of Defendant CVS and Plaintiff for diversity jurisdiction purposes. *Id.* As CVS is incorporated and has its principal place of business in Rhode Island, and Plaintiff is a resident of West Virginia, CVS asserts "complete diversity of the relevant parties exists in this case." *Id.*

## II. Legal Standard

### a. Amendment of Pleading

Unless a party amends its pleading in accordance with the time requirements outlined in Rule 15(a) of the Federal Rules of Civil Procedure, the party may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should "freely give leave when justice so requires." *Id.* The Fourth Circuit has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks omitted).

An amendment is futile if it is "clearly insufficient or frivolous on its face." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face.")). A proposed amendment is futile where it fails to state a claim upon which relief could be granted or "fails to satisfy the requirements of the federal rules." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)). This includes amendments which present claims that would not survive a motion to dismiss. *Save Our Sound*, 914 F.3d at 228.

**b. Choice of Law**

A federal court sitting in diversity must apply the choice-of-law rules of the state in which it sits. *Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). Accordingly, I apply West Virginia choice-of-law rules. In West Virginia, the applicable substantive law in tort cases is the law of the place of injury. *See McKinney v. Fairchild Int'l, Inc.*, 487 S.E.2d 913, 922 (W. Va. 1997) ("Traditionally, West Virginia courts apply the *lex loci delicti* choice-of-law rule; that is, the substantive rights between the parties are determined by the law of the place of injury."). Here, Plaintiff alleges that her injury occurred at 121 10th Street, Dunbar, Kanawha County, West Virginia. Consequently, West Virginia law applies.

**c. Remand**

An action may be removed from state court to federal court if it is one over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). Because removal implicates significant federalism concerns, the court must strictly construe removal jurisdiction. *Md. Stadium Auth. V. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chems. Co*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993)). The party seeking removal of an action originally filed in state court bears the burden of establishing federal jurisdiction. *Id.* Accordingly, where removal is based on diversity under 28 U.S.C. § 1332, the defendant must prove "that the suit is between citizens of different states and that the amount in controversy exceeds the jurisdictional amount." *Flores v. Ethicon, Inc.*, No 2:12-cv-01804, 2013 U.S. WL 1561115, at *3 (S.D. W. Va. Apr. 10, 2013).

**III. Discussion**

**a. Motion to Amend**

When a party seeks leave to amend its complaint, the district court should only deny leave "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber*, 438 F.3d at 426 (internal quotation marks omitted). As stated, a proposed amendment is futile where the claim would be subject to dismissal under

Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Katyle*, 637 F.3d at 471; *see also Save Our Sound OBX, Inc.*, 914 F.3d at 228. Plaintiff's proposed amendment seeks to substitute Nick Huff for Defendant John Doe. [ECF No. 6-1]. Because Plaintiff's proposed claim against Mr. Huff is based on a theory of premises liability, I must apply West Virginia law to determine if the proposed amendment states a claim upon which relief may be granted or if, conversely, the amendment is futile.

CVS argues that Plaintiff cannot state a claim against Mr. Huff because "under West Virginia law, [the] action should be maintained solely against CVS." [ECF No. 10, at 4]. In *Doe v. Wal-Mart Stores*, 479 S.E.2d 610, 615–16 (W. Va. 1996), the Supreme Court of Appeals of West Virginia adopted the Restatement (Second) of Torts, which provides that "[a] possessor of land who holds it open to the public is under a similar duty to members of the public who enter in response to his invitation." While the distinction between licensees and invitees was later abolished by the Court in *Mallet v. Pickens*, 522 S.E.2d 436 (W. Va. 1999), possessors remain liable for injuries that occur on the land they possess. Specifically, the Court in *Mallet* held that "landowners or possessors now owe any non-trespassory entrant a duty of reasonable care under the circumstances." *See* Syl. Pt. 4, 522 S.E.2d 436. Because it is undisputed that CVS location #4244 was owned solely by Defendant CVS at all times relevant to this litigation, the question of whether Plaintiff can state a claim against Mr. Huff is dependent on whether he was a possessor of CVS location #4244 at the time the alleged incident occurred.

For a definition of "possessor of land," I look to the Restatement (Second) of Torts § 328E, which defines a possessor land as "a person who is in occupation of the land with intent to control it." CVS argues that "[t]he hallmark of 'possessor' status is . . . control over the premises." [ECF No. 10, at 5]. I agree with this interpretation but do not find that it shields Mr. Huff from liability. While CVS may claim that Mr. Huff "had no intention of controlling the store beyond the scope of his managerial duties," such managerial control is relevant here. *Id.*

The defining characteristic of a manager is control. It is of little importance whether Mr. Huff intended to control the store in a capacity other than as manager; it is, however, of the utmost importance that he *actually controlled the store as a manager*. A store manager may be held responsible for maintaining the premises of his store. *McKean v. Wal-Mart Stores, Inc.*, No. Civ.A.2:05 0176, 2005 WL 1785260, at *3 (S.D. W. Va. July 26, 2005). It is well-established as matter of law in West Virginia that employees are not exempt from tort liability simply because their employers may be held liable under the theory of respondeat superior. *See* Syl. Pt. 3, *Musgrove v. Hickory Inn, Inc.*, 281 S.E.2d 499, 500 (W. Va. 1981) ("An agent or employee can be held personally liable for his own torts against third parties and this personal liability is independent of his agency or employee relationship."); *see also* Syl. Pt. 5, *Courtless v. Joliffe*, 507 S.E.2d 136, 138 (W. Va. 1998) (quoting *Musgrove*, 281 S.E.2d at 400).

Here, Plaintiff alleges that she was injured in the store when she tripped over a pallet while Mr. Huff was the manager on duty. [ECF No. 1-1, ¶¶ 11, 13–15]. As a manager, Mr. Huff is "charged with some responsibility for maintaining the premises." *McKean*, 2005 WL 1785260, *3. Because "[e]mployees . . . are not relieved of tort liability by the application of respondeat superior, even when acting in the scope of their employment," Plaintiff is able to state a claim against Mr. Huff. *Id.*

Therefore, while expressing no opinion as to the likelihood of success of such a claim, I find that Plaintiff's proposed amendment is not futile because it properly states a claim for relief against Mr. Huff. Accordingly, Plaintiff's Motion for Leave to File Amended Complaint, [ECF No. 6], is **GRANTED**.

**b. Motion to Remand**

Because I am granting Plaintiff's leave to file her amended complaint, I must now consider whether this court still has subject matter jurisdiction. Removal based on diversity jurisdiction requires complete diversity of all parties. 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806). Complete diversity requires that no party involved in a diversity suit share citizenship with any party on the other side. *Id.* "In the federal diversity jurisdiction context, it is well settled that a court determines the existence of diversity jurisdiction 'at the time the action is filed.'" *Prudential Ins. Co. of Am. v. Shenzhen Stone Network Info. Ltd.*, 58 F.4th 785, 794 (4th Cir. 2023) (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)). However, where a plaintiff seeks to join a nondiverse defendant after

removal, such joinder will destroy complete diversity. *See Messinger v. Window World, Inc.*, No. 2:18-cv-00912, 2019 WL 124833, at *1 (S.D. W. Va. Jan. 7, 2019) (citing *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)).

When a plaintiff seeks to join a nondiverse defendant after removal, "the district court's analysis begins with 28 U.S.C. § 1447(e)." *Mayes*, 198 F.3d at 461. Section 1447(e) provides the court with two options where a plaintiff seeks to join defendants after removal whose joinder would destroy subject matter jurisdiction: "the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e); *see Mayes*, 198 F.3d at 462. These are the only options available to a district court where there is "a post-removal attempt to join a nondiverse defendant; the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case." *Id.* (footnote omitted).

Here, Plaintiff seeks to join Nick Huff—a citizen of West Virginia—in lieu of John Doe, thereby destroying complete diversity of citizenship. [ECF No. 6-1, ¶¶ 1, 3]. CVS argues that the joinder of Mr. Huff would not destroy complete diversity of citizenship because the joinder should be considered a substitution of a party in interest under Rule 25(c) of the Federal Rules of Civil Procedure. [ECF No. 11, at 7 (citing *Burka v. Aetna Life Ins. Co.*, 87 F.3d 478 (D.C. Cir. 1996))].

While CVS is correct that the addition of a nondiverse party under Rule 25(c) will not destroy complete diversity, *see Freeport-McMoRan*, 498 U.S. at 427–29, Rule 25 does not govern the joinder of Mr. Huff. Substitution of "a named defendant for a

'John Doe' defendant is considered a change in parties, not a mere substitution of parties." *Townsend v. Shook*, No. 5:06-cv-70, 2006 U.S. Dist. LEXIS 88391, at *2 (W.D.N.C. Dec. 5, 2006) (quoting *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)); *see also Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1075 (2d Cir. 1993) ("[R]eplacing a 'John Doe' with a named party in effect constitutes a change in the party sued."). Where a plaintiff amends a complaint to identify a named, nondiverse defendant in substitution for a John Doe defendant, the nondiverse defendant's citizenship will destroy complete diversity. *See Casas Off. Machs., Inc. v. Mita Copystar Am., Inc.*, 42 F.3d 668, 674 (1st Cir. 1995) (finding that substitution of nondiverse defendant—regardless of whether they are found to be indispensable—destroys complete diversity); *Doleac v. Michalson*, 264 F.3d 470, 475–77 (5th Cir. 2001) (holding that the citizenship of parties subsequently named to identify fictitious defendants must be considered when determining if complete diversity is present); *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 539–42 (6th Cir. 2006) (finding that complete diversity was destroyed when fictitious defendants were identified and substituted as nondiverse defendants). Accordingly, because Plaintiff's amended complaint substitutes Mr. Huff, who shares citizenship with Plaintiff, for the fictitiously named Defendant John Doe, that substitution destroys complete diversity.

Finding that joinder of Mr. Huff in substitution of Defendant John Doe is proper, the Court will permit joinder and remand the action to the State court. Since both the Plaintiff and one of the Defendants are citizens of the same state—West

Virginia—this Court **FINDS** an absence of complete diversity among the parties. Since complete diversity is not present, this Court lacks subject matter jurisdiction over this action.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to File Amended Complaint, [ECF No. 6], is **GRANTED**. The Court **DIRECTS** the Clerk to file the Amended Complaint, [ECF No. 6-1], as the operative pleading in this matter. Furthermore, in accordance with its findings, this Court **GRANTS** Plaintiff's Motion to Remand, [ECF No. 8], and orders that this action be **REMANDED** to the Circuit Court of Kanawha County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, any unrepresented party, and to the Clerk of the Circuit Court of Kanawha County, West Virginia.

ENTER: April 29, 2024

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE